The People of the State of Illinois, Defendant in Error, v. William A. Rowe, Plaintiff in Error.

## Gen. No. 5310.

LARCENY—*character of offense and manner of prosecution.* Larceny, without regard to the value of the property stolen, is an infamous crime, subjecting one convicted of the offense to the deprivation of his civil rights, and can be prosecuted only upon an indictment by a grand jury.

Proceeding by information. Error to the County Court of Marshall county; the Hon. D. H. GREGG, Judge, presiding. Heard in this court at the April term, 1910. Reversed. Opinion filed October 18, 1910.

BARNES & MAGOON, for plaintiff in error.

W. H. STEAD, JUNE C. SMITH and HENRY E. JACOBS, for defendant in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On April 14, 1909, the state's attorney of Marshall county filed an information in the County Court of said county, charging William A. Rowe with the larceny of one wooden park bench of the value of two dollars, the property of the city of Henry. There was a trial and a verdict of the jury finding Rowe guilty and the value of the bench to be two dollars. He was sentenced to imprisonment in the Marshall county jail for the period of one day, and to pay a fine of twenty dollars and costs and to stand committed until the fine and costs were paid, and this writ of error was sued out to review the judgment of the court below.

Defendant in error's proof showed that plaintiff in error is a man between sixty and seventy years of age and lives in the city of Henry opposite the park from which he took the bench. It also showed that he carried the bench in daylight on a Sunday, with various persons in the vicinity, from the park to an alley between his house and that of the complain-

ing witness, and first placed it in his yard, then on the alley fence, and finally in the alley next to the fence of the prosecuting witness.   From the people's evidence, it is doubtful, notwithstanding the fact that plaintiff in error did not testify in his own behalf, whether he had any intention of stealing it. Plaintiff in error offered no proof.

In People v. Russell, 245 Ill. 268, it is held that larceny, without regard to the value of the property stolen, is an infamous crime, subjecting one convicted of the offense to the deprivation of his civil rights, and can be prosecuted only upon an indictment by a grand jury.   Aside from all other questions in the case, this decision requires the reversal of the judgment.

The judgment of the County Court is therefore reversed.

*Reversed.*